RICHARD LOMMEL ATKINSON GALLAGHER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gallagher v. Commissioner
Docket No. 320-94
United States Tax Court
T.C. Memo 1995-50; 1995 Tax Ct. Memo LEXIS 43; 69 T.C.M. (CCH) 1791; January 31, 1995, Filed *43 An order granting respondent's Motion for Summary Judgment and Decision for respondent will be entered. Richard Lommel Atkinson Gallagher, pro se. For respondent: Thomas M. Rath. WHALEN
WHALEN
MEMORANDUM OPINION WHALEN, Judge: This case is before the Court to decide respondent's Motion for Summary Judgment, filed September 12, 1994. At issue in the case is a notice of deficiency in which respondent determined the following deficiencies in, and additions to, petitioner's Federal income tax: Additions to Tax
Year
Deficiency
Sec. 6651(a)(1)
Sec. 6654
1985
$ 27,766
$  6,567
$ 1,591
1986
53,710
13,428
2,597
1989
14,687
3,672
995
1990
7,686
1,922
508
All section references are to the Internal Revenue Code, as amended and in effect during the years in issue. At the outset, we note that on September 15, 1994, the Court ordered petitioner to file a written response to respondent's Motion for Summary Judgment but that petitioner failed to comply with that order. We also note that petitioner appeared on October 24, 1994, when this case was initially called from the calendar of the Philadelphia, Pennsylvania, trial session of the Court. At that time, respondent's *44 Motion for Summary Judgment was set for hearing on the following day at 9:00 a.m. When petitioner's case was called on October 25, 1994, petitioner did not appear. Thus, petitioner has chosen not to contest respondent's motion. See generally ; , affd. . In the subject Motion for Summary Judgment, respondent contends that all of the facts necessary for our decision are set forth in Respondent's Request for Admissions, filed July 1, 1994. Respondent notes that petitioner did not respond to Respondent's Request For Admissions, and, thus, pursuant to Rule 90(c) of the Rules of Practice and Procedure of this Court, each matter set forth therein was automatically deemed admitted within 30 days after service of the request. See generally , affd. . Hereinafter all rule references are to the Tax Court Rules of Practice and Procedure. *45 Respondent also contends that she is entitled to a decision under Rule 121 as a matter of law. The Court may grant summary judgment "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b); ; see . The moving party, in this case respondent, bears the burden of proving that there is no genuine issue of material fact and that a decision may be rendered as a matter of law. See Rule 121(b); ; ; . The Court will view factual material and inferences drawn therefrom in the light most favorable to the party opposing the motion for summary judgment. E.g., . *46 In this case, we agree with respondent that the admissions that petitioner is deemed to have made pursuant to Rule 90(c) show that there is no genuine issue of material fact, and we agree that respondent is entitled to a decision as a matter of law. Petitioner is deemed to have admitted that he failed to file an income tax return for each of the taxable years in issue, 1985, 1986, 1989, and 1990. Petitioner is also deemed to have admitted that, during the years 1985 through 1989, he worked as a self-employed carpenter, and, during the years in issue, he earned the following income: 1985
1986 1989 1990 Nonemployee compensation:
Ravenscliff Building Co.
$ 63,946
$ 119,984
Garven Mitchell Corp.
7,493
Paul Stefanik, Inc.
4,158
Rewis Dambly Construction
[1] $  4,400
Lee Haller Builder, Inc.
[2] 28,898
Cosconco, Inc.
[2] 11,837
[3] $ 29,140
Subtotal
71,439
124,142
45,135
29,140
Interest income:
Industrial Valley Bank
31
Central Penn National Bank
207
Remax Action Associates
33
Malvern Federal S&L
18
14
13
Meridian Bank
30
Subtotal
271
48
14
13
Dividend income:
Dreyfus Liquid Assets
51
15
3
--  Subtotal
51
15
3
--  Total income
71,761
124,205
45,152
29,153
*47 Petitioner is also deemed to have admitted that he is entitled to the following exemptions and deductions for the years in issue: Exemptions
$ 1,040
$ 1,080
$ 2,000
$ 2,050
Standard deduction
--
--
3,100
3,250
Self-employment
--
--
--
2,059
Total
1,040
1,080
5,100
7,359
Furthermore, petitioner is deemed to have admitted that he is not entitled to any deductions, credits, or adjustments to income other than those set forth in the statutory notice. Based upon the above income and deductions, respondent determined in the notice of deficiency that petitioner's taxable income for 1985, 1986, 1989, and 1990 was $ 70,721, $ 123,125, $ 40,052, and $ 21,794, respectively. Respondent also determined in the notice of deficiency that petitioner is liable for the following tax deficiencies and additions to tax: 1985
1986
1989
1990
Income tax
$ 23,093
$ 48,544
$ 8,810
$ 3,569
Self-employment tax
4,673
5,166
5,877
4,117
Total tax
27,766
53,710
14,687
7,686
Additions to tax
Sec. 6651(a)(1)
6,567
13,428
3,672
1,922
Sec. 6654
1,591
2,597
995
508
Finally, as mentioned above, by failing to respond to Respondent's Request for *48 Admissions petitioner is deemed to have admitted that "the determinations contained in the statutory notice are in all respects correct." To reflect the foregoing, An order granting respondent's Motion for Summary Judgment and Decision for respondent will be entered. Footnotes
1. Respondent's Request for Admissions states that this amount is $ 4,440 and was paid during 1987. However, the lower amount and later year are taken from respondent's notice of deficiency, which petitioner is deemed to have admitted is "in all respects correct".↩
2. Respondent's Request for Admissions states that this amount was paid during 1987. However, this year is taken from respondent's notice of deficiency, which petitioner is deemed to have admitted is "in all respects correct".↩
3. Respondent's Request for Admissions states that this amount was paid during 1988. However, this year is taken from respondent's notice of deficiency, which petitioner is deemed to have admitted is "in all respects correct".↩